IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  13-cr-30208-MJR |
| | ) | |
| MARY LEE OWENS, | ) | |
|     Defendant. | ) | |

## MOTION FOR DOWNWARD VARIANCE BASED UPN SECTION 3553(a) FACTORS

COMES NOW, defendant Mary Owens, by and through her attorney Rob Elovitz, and respectfully moves this Court for a downward variance in her sentence from the suggested USSG Sentencing Guidelines, and in support thereof states:

1. Defendant has absolutely no prior criminal history or adverse contacts with law enforcement.

2. Other than this offense, defendant has lived an exemplary, and law abiding life.

3. That defendant has devoted her professional career to caring for the sick and injured.

4. That despite the fact that these charges were pending, defendant was able to secure employment within her chosen profession.

5. That there is no likelihood that defendant will ever commit another criminal offense.

6. Defendant has never used illegal substances.

7. Defendant's family has remained by her side throughout this case and fully supports defendant.

8. That at the time the offense was committed, defendant was suffering from severe depression and anxiety due to the recent death of her husband, and in her own words "wasn't thinking straight".

9. That a period of incarceration would cause the loss of defendant's employment.

10. That due to defendant's profession, a sentence of imprisonment has the potential to remove many employment options for defendant, upon her release.

11. That there is a large sum of restitution that is owed. The incarceration of defendant would make collection of this restitution far more difficult, if not practically impossible. Defendant (and the victim's) best hope at fulfilling her obligation to make restitution is to remain employed at her chosen profession.

12. That the nature of defendant, taking into consideration all of the factors in Section 3553(a), suggests that a sentence with a lengthy period of probation and a home confinement would best serve justice in this case. A sentence of this kind would provide defendant with the best chance at rehabilitation, restitution and would not likely lead to any form of recidivism.

13. That the sentence suggested in paragraph 12 above would not deprecate the seriousness of the offense, nor promote a lack of respect towards the justice system. None of the Section 3553 factors that would justify a sentence of imprisonment are present in this case.

WHEREFORE, defendant prays this Court enter a sentence in this cause that varies downward from an suggested USSG Guidelines sentence, for all the reasons set forth above.

Respectfully submitted,

/s Rob Elovitz
Rob Elovitz
521 St. Louis St.
Edwardsville, IL 62025
618-692-4800
Illinois ARDC# 6202299

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-cr-30208-MJR |
| | ) | |
| MARY LEE OWENS, | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2014, I electronically filed the attached **MOTION FOR DOWNWARD VARIANCE BASED UPN SECTION 3553(a) FACTORS**, and a copy was electronically delivered to:

**Assistant United States Attorney William E. Coonan**

    Respectfully submitted,

    /s Rob Elovitz
    Rob Elovitz
    521 St. Louis St.
    Edwardsville, IL 62025
    618-692-4800
    Illinois ARDC# 6202299